FLEISHER *et al. v.* DUNCAN *et al.*

JENKINS, Justice. 1. While a sovereign State can not be sued in one of its courts unless by statute or other proper authority the State consents thereto, and any suit against an officer or agent of the State, *in his official capacity,* in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State (*Roberts* v. *Barwick,* 187 *Ga.* 691 (2), 695, 1 S. E. 2d, 713, and cit.), yet a suit against a State officer or agent *as an individual* is not a suit against the State, and generally may be maintained either at law or in equity, whether it be to recover the plaintiff's property wrongfully withheld, or damages in tort, or to enjoin a threatened wrong, on account of unauthorized or illegal acts. *Florida State Hospital* v. *Durham Iron Co.,* 194 *Ga.* 350 (21 S. E. 2d, 216), and cit. Accordingly, where the plaintiff attacks an act of the legislature as unconstitutional, and he shows that he is threatened with "irreparable injury to his property" by the actions of one claiming to proceed under and by virtue of such an act, the suit against the officer as an individual can not be considered as one against the State; but in such a case the court will take jurisdiction and proceed to determine the validity of the act. *Holcombe* v. *Georgia Milk Producers Confederation,* 188 *Ga.* 358 (3 S. E. 2d, 705) ; *Dennison Mfg. Co.* v. *Wright,* 156 *Ga.* 789 (120 S. E. 120). Under the preceding rules, the instant petition by milk consumers against the members of the State Milk Control Board *as individuals,* to enjoin their actions under the milk-control act of March 30, 1937 (Ga. L. 1937, p. 247.), as amended, on account of the alleged unconstitutionality of those statutes under provisions of the State and Federal constitutions, was not subject to general demurrer as being a suit against the State without its consent. 2. Under the general rule as recognized in the *Holcombe* case, supra, the writ of injunction "may be sought only where there is a manifest necessity therefor to prevent irreparable injury to some right of the plaintiff, by reason of impending acts or conduct of another." *Zaring* v. *Adams,* 188 *Ga.* 97, 98 (3 S. E. 2d, 635) ; *Cox* v. *Linder,* 191 *Ga.* 790, 792 (14 S. E. 2d, 93) ; *Miller* v. *Head,* 186 *Ga.* 694, 715 (198 S. E. 680) ; *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211) ; Code, § 55-104.

Under this rule, the petition was properly dismissed on general demurrer, as failing to show any actual past or impending irreparable injury to the plaintiff consumers, since, while the petition alleged orders by the Milk Control Board increasing the cost of milk, and that the plaintiffs were thereby "compelled to pay higher prices . . in violation of the rights of said complainants to contract for and purchase milk in a free and unregulated price market," that they were "deprived of their property without due process of law," and that "plaintiffs have no adequate remedy at law," no facts appear in support of these conclusions, either by showing that the increases in price were not justified and were not fair and proper as being in accordance with agricultural and economic conditions, or by showing other facts. The averment attacking the constitutionality of the act, that because the seven-member board was composed of two producers, two producer-distributors, one distributor, one store licensee, but only one consumer, does not require the *conclusion* as pleaded that such a composition of the board made it "not impartial," and "as a result of the personnel of the board," the plaintiffs were "compelled to pay a higher price for milk than they would otherwise have to pay."

3. Since the petition failed to show a right to injunctive relief, for the reason stated, it is unnecessary to determine other questions raised— as to whether plaintiffs also had an adequate remedy at law, under sections 19(e) and 20 of the milk-control act (Ga. L. 1937, p. 262), by proceeding before the board at the public hearing required by the act, and, in the event of an adverse decision, then proceeding by certiorari to the superior court; and whether the act was unconstitutional for any reason assigned that has not already been decided. See *Holcombe* v. *Ga. Milk Producers Confederation*, supra; *Bohannon* v. *Duncan*, 185 *Ga.* 840 (196 S. E. 897); *Gibbs* v. *Milk Control Board*, 185 *Ga.* 844 (196 S. E. 791), and cit. *Judgment affirmed. All the Justices concur.*

No. 14389. JANUARY 14, 1943.

*J. Herbert Johnson* and *Ezra E. Phillips,* for plaintiffs.
*George D. Stewart,* and *Augustine Sams,* for defendants.