18904. WILLIAMS, Commissioner of Revenue, *v.* HIRSCH, executrix.

CANDLER, Justice. Mrs. J. N. Hirsch, as executrix of the estate of J. N. Hirsch, deceased, d/b/a J. N. Hirsch, pursuant to the provisions of Chapter 92-22 of the Code of 1933, applied for and obtained a license from the State Revenue Commissioner of Georgia to sell cigars and cigarettes at wholesale. On October 10, 1953, the State Revenue Commissioner notified her to show cause on a specified date and at a designated place why her license should not be revoked for selling cigarettes at wholesale for a price less than that fixed by the Unfair Cigarette Sales Act of 1949 (Ga. L. 1949, p. 695). She responded to the notice and alleged that she had committed no act for which her license could be legally revoked, and that the price-fixing provision of the Unfair Cigarette Sales Act of 1949 is null and void because it offends article 1, section 1, paragraph 3 of the Georgia Constitution of 1945, which provides that "No person shall be deprived of life, liberty, or property except by due process of law." She also attacked the constitutionality of the act on several other specified grounds. After a hearing, Honorable W. Vaughn Rice, as Deputy State Revenue Commissioner, revoked her license for a specified time and thereafter if she violated the price-fixing provision of the Unfair Cigarette Sales Act of 1949. He stayed execution of his order pending a final judicial determination of its validity and the constitutionality of the Unfair Cigarette Sales Act of 1949, provided an appeal from his order was made within 15 days from the date thereof. In his second "Conclusions of Law," the Deputy State Revenue Commissioner said: "Each and every attack on the constitutionality of the Unfair Cigarette Sales Act is without merit and is hereby overruled." Within the time allowed by law, the respondent appealed to the Superior Court of Fulton County. By consent the appeal was heard by the court without the intervention of a jury and on stipulated facts. In the stipulation, the respondent admitted that she had offered for sale and sold cigarettes at wholesale at and for a price less than that fixed by the Unfair Cigarette Sales Act of 1949. The trial judge found that the business of selling cigarettes at wholesale is not one affected with a public interest, and that the price-fixing provision of the Unfair Cigarette Sales Act of 1949 is null and void since it offends the due-process clause of Georgia's Constitution of 1945. The State Revenue Commissioner excepted. *Held:*
The State Revenue Commissioner contends that the price-fixing provision of the Unfair Cigarette Sales Act of 1949 does not offend article

1, section 1, paragraph 3 of the Constitution of 1945, which is the due-process clause thereof; but his position is untenable and is controlled adversely to him by the rulings in *Harris* v. *Duncan*, 208 *Ga.* 561 (67 S. E. 2d 692); *Grayson-Robinson Stores* v. *Oneida, Ltd.*, 209 *Ga.* 613 (75 S. E. 2d 161); and *Cox* v. *General Electric Co.*, 211 *Ga.* 286 (85 S. E. 2d 514). As to the trial judge, these three cases were binding precedents; and, as to this court, the unanimous ruling by a full bench in *Harris* v. *Duncan*, supra, is binding on us. However, we unreluctantly follow all three of them in the case at bar.

*Judgment affirmed. All the Justices concur.*

Argued March 15, 1955—Decided April 11, 1955.

*Eugene Cook*, Attorney-General, *Frank Twitty*, Deputy Assistant Attorney-General, *John W. Wilcox, Jr.*, *H. Grady Almand, Jr.*, Assistant Attorneys-General, *Joel J. Fryer*, for plaintiff in error.

*Hewlitt, Dennis, Bowden & Barton*, *Albert E. Mayer*, contra.