## 34716. STRICKLAND v. RIO STORES, INC.

NICHOLS, Chief Justice.

The state revenue commissioner appeals from a judgment declaring that subsection (h) of section 5 of Ga. L. 1955, pp. 268, 274, as amended by Ga. L. 1960, pp. 125, 128 (Code Ann. § 92-2204 (h)), and Reg. § 560-8-6-.08, issued by the commissioner pursuant to subsection (h), are violative of the due process clause of the Constitution of Georgia. Art. I, Sec. I, Par. I, Constitution of Georgia of 1976 (Code Ann. § 2-101).

Subsection (h) provides: "No distributor or dealer as defined in this Chapter shall sell cigars or cigarettes below their cost price. The cost price shall be determined by the commissioner according to his discretion in accordance with the rules and regulations promulgated by the Commissioner."

All nine enumerations of error contend that the trial court erred in finding the statute and the regulation unconstitutional.

The trial court held: "The Supreme Court of Georgia in the full-bench decision of *Williams v. Hirsch,* 211 Ga. 534, 87 S. E. 2d 70 (1955), held that the Unfair Cigarette Sales Act of 1949 (1949 Ga. L., p. 695) was unconstitutional in that it violated the 'due process' clause of the Georgia Constitution. The Court in the *Williams* case agreed with the lower court that the selling of cigarettes at wholesale is not 'affected with a public interest' to the extent that the Legislature could constitutionally restrict the rights of individuals to contract as to the price of cigarettes. See, also, *Harris v. Duncan,* 208 Ga. 561, 67 S. E. 2d 692 (1951); *Grayson-Robinson Stores v. Oneida, Ltd.,* 209 Ga. 613, 75 S. E. 2d 161 (1953); *Cox v. Georgia Electric Company,* 211 Ga. 286, 85 S. E. 2d 514 (1955).

"This Court finds no distinguishing features between the 1949 statute considered in *Williams v. Hirsch, supra,* and the statute under which the Commissioner is now proceeding against Rio Stores, Inc., which would remedy the constitutional defects previously found by the Supreme Court in *Williams.* This Court, therefore, is bound by the *Williams* decision, and it arrives at this conclusion as did the Court in *Williams* —'unreluctantly.'

"*Harris v. Duncan,* supra., is a seminal case in Georgia for subsequent cases dealing with price fixing. In *Harris,* the Supreme Court of Georgia considered a State statute that authorized the Milk Control Board to set the price for milk. The statute was challenged as being violative of Georgia's Constitution 'due process' clause, in that it restricted the freedom of contract. In holding that the 'Milk Control Law' violated the 'due process' clause of the State Constitution, the Supreme Court of Georgia has set out the rule that in order for the General Assembly to constitutionally authorize price fixing, it must be done with respect to a business or where a property involved is one *affected with a public interest.* The Court recognized that under the police power a state may, as a health measure, validly regulate the sale and distribution of

milk, but that it could not regulate directly or through a governmental agency or instrumentality the price to be charged by a buyer to a seller. Likewise, undoubtedly, the cigarette industry is subject to regulations, but not to the extent that would permit the Legislature or a governmental agency to set a minimum price for cigarettes. The fact that a product is subject to regulation under the police power from a health, safety or revenue standpoint is quantitatively different from the concept of being so affected with a public interest as to permit the prices to be controlled, even by the setting of a minimum price. It is interesting to note in the *Harris* case the Court expressed fear that if the General Assembly could constitutionally regulate the price of milk, the constitutional barrier against infringement upon the right of free contract would be down, and the General Assembly would be able to lawfully regulate other products such as tobacco because of its wide use by the public. *Harris v. Duncan,* supra., at p. 565.

"Respondent has urged in this proceeding that the purpose of the minimum 'cost price' which required the 5% markup is to assure that cigarette distributors (wholesalers) remain financially healthy so that they will be able to assist the State in collecting the cigarette stamp revenues and in assisting the State in properly regulating the tobacco industry. This premise was advanced by the State's witness, Mr. Thorp, in the Administrative Hearing (see pp. 68, 77 and 78 of the Administrative Hearing Record), and was urged by counsel for Respondent during oral argument. This Court finds such purpose to be repugnant to the Constitution of Georgia and not a valid exercise of the State's legislative authority. It is analogous to the State Legislature providing that all retailers be able to sell their goods at certain minimum prices in order to assure profits, since the retailers will also have certain obligations in the collection, reporting and processing of Georgia sales taxes—an act which this Court finds to be clearly unconstitutional.

"Relying upon the cases cited above, this Court finds that that portion of Georgia laws 1955, pp. 268, 274, as amended, particularly by Georgia Laws 1960, pp. 125,

128 and codified at Ga. Code Ann., § 92-2204 (h), and the regulations issued thereunder at Reg. § 560-8-6.08, are unconstitutional as being violative of Article I, Section I, Paragraph 1 of the Georgia Constitution."

The commissioner urges this court to discard the "affected with a public interest" test and to adopt instead a test of whether or not subsection (h) is a "reasonable means to a legitimate legislative end." See *State v. Major,* 243 Ga. 255 (1979). The commissioner contends that the "legitimate legislative end" is the collection of tobacco taxes; that the "reasonable means" is the "cost price" which he contends helps to prevent tobacco dealers from going out of business or from engaging in bootleg competition due to lower prices resulting from price competition. The same arguments just as well could be made in respect to many other commodities of every sort and description, the sales of which are subject to state taxation. Subsection (h) fails to pass constitutional muster under our due process clause regardless of which test should be applied inasmuch as price fixing applicable to cigars and cigarettes is not a reasonable means to the legitimate end of collecting tobacco taxes.

This court agrees with the trial court. There is no merit in any of the commissioner's enumerations of error.

*Judgment affirmed. All the Justices concur, except Jordan, Hall and Hill, JJ., who concur in the judgment only.*

ARGUED APRIL 9, 1979 — DECIDED MAY 2, 1979.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*Perry, Walters, Lippitt & Custer, James E. Reynolds, Jr.,* for appellee.