22177

STATE DAIRY COMMISSION OF SOUTH CAROLINA and Steven W. Hamm, Consumer Advocate for the State of South Carolina, Appellants, v. PET, INC., d/b/a Spartanburg Dairy, Inc.; Pet, Incorporated-Dairy Division; Superbrand Dairy Products, Incorporated; Regis Milk Company; Coburg Dairy, Inc.; Flav-O-Rich, Inc.; Dairymen, Inc.; Palmetto Milk Producers, Respondents.

(324 S. E. (2d) 56)

Supreme Court

*Thomas E. McCutchen, Herbert W. Hamilton, Asst. Atty. Gen., Clifford O. Koon, Jr.,* Columbia, *for State Dairy Commission of South Carolina.*

*Raymon E. Lark, Jr., Steven W. Hamm,* Columbia, *for S. C. Department of Consumer Affairs for the appellant Consumer Advocate.*

*Young, Clement, Rivers & Tisdale,* Charleston, *for Coburg Dairy, Inc.*

*Charles P. Milford, Jr.,* Jacksonville, Fla., and *John A. Martin,* Winnsboro, *for Superbrand Dairy Products, Inc.*

*McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for Pet, Inc.*

*O. Eugene Savedge,* Charleston, *for Regis Milk Company; Venable Vermont,* Spartanburg and *Barnett & Alagia,* Louisville, Ky., *for Dairymen, Inc. and Flav-O-Rich, Inc.*

*Robert C. Lake,* Whitmire, *for Palmetto Milk Producers.*

*Russell W. Templeton,* Columbia, *amicus curiae for South Carolina Farm Bureau.*

*William P. Farthing, Jr.,* of *Parker, Poe, Thompson, Bernstein, Gage & Preston,* Charlotte, N. C., *amicus curiae for Mid-State Milk Producers Association, Inc.*

Heard Oct. 2, 1984.

Decided Nov. 2, 1984.

NESS, Justice:

The State Dairy Commission of South Carolina and Consumer Advocate for South Carolina appeal the Circuit Court's order declaring unconstitutional the Dairy Commission's authority to regulate the price of milk paid by distributors to South Carolina producers. The Circuit Court held that the dairy industry at the producer level is not affected with the public interest, and further that the Commission's minimum regulations impose an impermissible burden on interstate commerce and violate the Equal Protection Clauses of our State and Federal Constitutions. We agree and affirm.

This action was commenced by the Commission and Consumer Advocate seeking to have the minimum price for Class I milk, as established by the Commission, enforced against the respondents who are South Carolina milk producers and processors.[1] The Dairy Commission alleged that its minimum

---

[1] The respondents represent a majority of South Carolina's dairy farmers and three of the State's major milk processors.

price regulation was being circumvented as a result of refunds, rebates, and/or hauling charges being received by the respondents from milk producers or producer associations.[2] The respondents answered, challenging the Commission's underlying authority to regulate minimum raw milk prices on constitutional grounds.[3]

■ The Dairy Commission first asserts that the respondents cannot raise any constitutional objections to the issuance of these pricing orders, arguing that the respondents failed to exhaust their administrative remedies by not appealing the initial adoption of the orders pursuant to the South Carolina Administrative Procedure's Act, South Carolina Code § 1-23-10, *et seq.* (Cum. Supp., 1982). We disagree. This enforcement action was commenced *by* the Commission in Circuit Court *against* the respondents. There are no issues of fact present as the constitutionality of the statute involves solely questions of law. The failure to exhaust administrative remedies is a *defense,* and thus is not available to a claimant agency as a means to uphold or enforce any otherwise illegal agency action.

Moreover, we have held the failure to exhaust administrative remedies is excused where the facts are undisputed and the issues are solely ones of law. *Andrews Bearing Corporation v. Brady,* 261 S. C. 533, 201 S. E. (2d) 241 (1973). Here the facts are agreed upon leaving only questions of law.

Furthermore, the respondents are entitled to plead any legitimate defense in the Circuit Court pursuant to § 1-23-380(a), of the APA which provides:

> This Section does not limit utilization of or the scope of judicial review available under other means of review, redress or trial *de novo* provided by law.

---

[2] The ultimate facts are actually not in issue. Respondent Coburg acknowledges charging hauling fees to its producers but maintains that the fees are not excessive nor regulated by the Commission, and are justified. Pet, Superbrand and Regis acknowledge receiving an allowance from Dairymen, Inc., and Pet further acknowledges participating in a "producer assignment" program. All participation in these programs was completely voluntary and promoted by the need to meet competition for milk sales from out-of-state processors.

[3] Section 39-33-60, Code of Laws of South Carolina (Cum. Supp., 1982), authorizes the Commission to issue administrative Pricing Orders which establish the minimum price to be paid by distributors to producers and associations of producers.

Thus, there is no limitation to judicial defenses or review available under our trial *de novo* system, as in the instant case, even pursuant to the provisions of the APA.

Next, appellants contend the Circuit Court erred in ██ holding that the South Carolina dairy industry is not affected with any public interest as would justify governmental price regulations, and in holding these regulations to be violative of the Equal Protection Clause. We disagree. The record reveals that the Dairy Commission only regulates the price of a portion of milk produced or processed in South Carolina. It does not regulate the price of raw milk processed outside of South Carolina, yet brought into the State for sale. Nor does it regulate the price paid by associations of producers to their producer members regardless of whether or not the cooperatives actually process their own milk. The record contains no testimony whatsoever as to any reason or justification for this method of milk regulation, nor as any basis to justify the Commission's regulation of certain distributors while not regulating others.

In *Broome v. Truluck*, 270 S. C. 227, 241 S. E. (2d) 739 (1978), we held that our State's Equal Protection Clause requires that "all members of a class be treated alike under similar circumstances and conditions, and that any classification cannot be arbitrary but must bear a reasonable relation to the legislative purpose sought to be effected." 270 S. C. at 230, 241 S. E. (2d) 739. Here the Preamble to Article I of Title 39 states that any regulation of the dairy industry must be to protect the well-being of the citizens of South Carolina and to promote our public health and welfare. This purpose cannot be served with the selective regulation of prices paid by only three South Carolina processors for milk actually processed in South Carolina.

Moreover, this Court has already held that the dairy industry and its product, milk, are not so affected with the public interest as to authorize price regulation or price control by the State. *Gwynette v. Myers*, 237 S. C. 17, 115 S. E. (2d) 673 (1960); *Stone v. Salley*, 244 S. C. 531, 137 S. E. (2d) 788 (1964); and *Richbourg's Shoppers Fair, Inc. v. Stone*, 249 S. C. 278, 153 S. E. (2d) 895 (1967). While the wholesale pricing regulation was not specifically passed upon in these prior decisions, they do speak specifically to retail price setting regulations. We

agree with the Circuit Court in that if there is no affection of the public interest at the retail level, as decided in *Gwynette* and *Stone, supra,* the level where the public has its direct contact with the industry; it follows that there can be no such an affection at the wholesale level, a step once removed from the public. Thus we hold that our prior decisions in *Gwynette, Stone,* and *Richbourg,* prohibit *any* price control of milk.

Finally, the Commission contends that the producer price regulations here do not impose an impermissible burden on interstate commerce. We disagree.

■ The testimony reveals and the Commission concedes that a portion of the raw milk sought to be regulated here is produced out-of-state and brought into South Carolina for processing. The United States Supreme Court in *Baldwin v. G.A.F. Seelig,* 294 U. S. 511, 55 S. Ct. 497, 79 L. Ed. 1032 (1935), held that a New York statute which prohibited the importation of milk produced and purchased out-of-state at a price lower than the New York minimum price for raw milk was an unconstitutional violation of the Commerce Clause. The statute involved here is clearly analogous to that in *Baldwin.* Both place an impermissible burden upon interstate commerce by restricting the sale of raw milk among states and thus violate Article I, § 8 of the United States Constitution.

■ We hold that the Dairy Commission cannot regulate the price of raw milk produced in South Carolina or purchased outside of South Carolina for processing within the State. The price fixing orders issued by the Commission pursuant to § 39-33-60, Code of Laws of South Carolina (1976), are void as being violative of the Commerce Clause of the United States, the Equal Protection Clause and as not affecting any sufficient public interest. The order of the Circuit Court is affirmed.

Affirmed.

GREGORY, HARWELL and CHANDLER, JJ., and PAUL M. MOORE, as Acting Associate Justice, concur.