### 42366. BATTON-JACKSON OIL COMPANY, INC.
### v. REEVES et al.
### 42367. TEXACO, INC. v. REEVES et al.
(340 SE2d 16)

BELL, Justice.

These cases involve, inter alia, the constitutionality of OCGA § 10-1-234,[1] a provision of the Gasoline Marketing Practices Act, OCGA §§ 10-1-230 to 10-1-241.

Appellee Kenneth Reeves is a full-service automotive gasoline re-

---

[1] OCGA § 10-1-234, as amended in 1984, provides: "It shall be an unlawful predatory and unfair business practice for an automotive gasoline distributor who controls a product supply, controls the price of that product and has the power to require the purchase of that product by another automotive gasoline distributor or an automotive gasoline dealer doing business in this state to sell said product at prevailing automotive gasoline distributor prices at any time to another automotive gasoline distributor for resale to automotive gasoline dealers with the purpose or intent that said product will be sold at retail by said automotive gasoline distributor and fails to offer its automotive gasoline dealers an opportunity to purchase an equal volume of product upon the same terms and conditions, excepting expenses for advertising, credit cards and other expenses relative to its automotive gasoline dealers, when said automotive gasoline distributor is selling said product at distress prices to other automotive gasoline dealers in the dealer's marketing area. As used in this Code section, the term 'distress prices' shall not be construed to include or embrace a price established for the purpose of meeting competition."

tailer in McDonough, Georgia, d/b/a Reeves Texaco. He leases his property and equipment from appellant Batton-Jackson Oil Company, Inc., an automotive gas distributor in Griffin, Georgia. The lease also requires Reeves to purchase all of his Texaco products from Batton-Jackson.

Appellant Texaco Oil Company is a major oil company which sells and distributes gasoline to distributors such as Batton-Jackson and to independent retailers. Texaco has three terminals in Georgia through which gasoline is distributed. At each terminal separate prices are established for gasoline purchased by distributors and for gasoline sold directly to retail dealers. The price for distributors' gasoline is referred to as the "distributor tankwagon price" ("DTW"), and the price for retail dealers' gasoline is known as the "retail tankwagon price" ("RTW"). The RTW price is generally about 3-½ cents more per gallon than the DTW price.

Batton-Jackson, which acquires all of its gasoline from Texaco at the DTW price, sells the gasoline at a marked-up retail price to retailers such as Reeves, as well as through independent retail outlets with which Batton-Jackson has a consignment-commission arrangement.

McDonough Tire and Wrecker Service became a Batton-Jackson consignee on June 1, 1982, and is located in McDonough, approximately one-half mile from Reeves Texaco Station. Batton-Jackson pays McDonough a commission of two cents for each gallon of regular gas sold, and three cents for each gallon of unleaded and diesel gasoline sold. In addition, Batton-Jackson has nine other consignment arrangements with gas stations in its five-county market area.

On June 22, 1982, Reeves brought this action seeking injunctive relief pursuant to the provisions of the Georgia Petroleum Marketing Practices Act, contending that Texaco's and Batton-Jackson's purchasing agreement violated OCGA § 10-1-234, and that as a result, Batton-Jackson and its consignment stations, in particular McDonough Tire and Wrecker Service, had an unfair competitive advantage over his station due to Batton-Jackson's access to gasoline at lower cost.

On June 1, 1983, the trial court, after a bench trial, entered an order holding that competition by Batton-Jackson in the retail automotive gasoline market damaged Reeves' business and that Texaco was selling gasoline to Batton-Jackson in violation of the § 10-1-234 prohibition against selling gasoline at prevailing distributor prices to a distributor, Batton-Jackson, which Texaco knew was selling a portion of the gasoline at retail.

In granting an injunction, the trial court ordered Texaco to cease further gasoline sales to Batton-Jackson at Texaco's DTW price for gasoline which Batton-Jackson intended to sell at retail. The trial court further directed that Texaco and Batton-Jackson determine

what portion of the gasoline ordered by Batton-Jackson would be sold at retail and that, for that gasoline, Texaco charge Batton-Jackson the same price as that charged to other retailers purchasing from Texaco.

Both Texaco and Batton-Jackson appeal from the June 1, 1983, order. They argue that the trial court improperly construed OCGA § 10-1-234, and that OCGA § 10-1-234 is unconstitutional for numerous reasons. As we agree with their contention that OCGA § 10-1-234 violates the due process clause of our State Constitution, 1983 Georgia Constitution, Art. I, Sec. I, Par. I, in that it seeks to regulate a business not affected with a public interest, we find it unnecessary to address the other issues raised by this appeal.

In *Harris v. Duncan*, 208 Ga. 561, 564-65 (67 SE2d 692) (1951), we held that "[t]he right to contract, and for the seller and purchaser to agree upon a price, is a property right protected by the due-process clause of our Constitution, and unless it is a business 'affected with a public interest,' the General Assembly is without authority to abridge that right." Accord *Cox v. General Electric Co.*, 211 Ga. 286 (2) (85 SE2d 514) (1955); *Williams v. Hirsch*, 211 Ga. 534 (87 SE2d 70) (1955); *Strickland v. Rio Stores, Inc.*, 243 Ga. 600 (255 SE2d 714) (1979). We further added that "[f]or an industry or any particular business to become 'affected with a public interest,' its business or its property must be so applied to the public as to authorize the conclusion that it has been devoted to a public use and thereby its use, in effect, granted to the public." *Harris v. Duncan*, supra, 208 Ga. at 564. We noted that a business is not " ' "affected with a public interest merely because it is large or because the public are warranted in having a feeling of concern in respect of its maintenance." ' " Id. at 564 (quoting Justice McReynold's dissent in *Nebbia v. New York*, 291 U. S. 502 (54 SC 505, 78 LE 940) (1934).

Here, the first issue for consideration is whether OCGA § 10-1-234 engages in price-fixing. We are compelled to conclude that it does, in that it prohibits a gasoline distributor such as Texaco from selling gasoline to another distributor such as Batton-Jackson at "prevailing automotive distributor prices" when that distributor (i.e., Batton-Jackson) plans to sell that gasoline itself at retail. By prohibiting Texaco from selling such gasoline to Batton-Jackson at distributor prices, it forces the parties to sell and buy the gasoline at the prevailing retail price. The statute thus fixes the price for which Texaco and Batton-Jackson may contract for the sale of such gasoline. That it does so is clearly evidenced by the trial court's order in the instant case.

Having concluded that the statute does fix prices, we must next determine whether the gasoline industry is affected with a public interest. If it is not, then OCGA § 10-1-234's regulation of prices is un-

constitutional. *Harris v. Duncan*, supra, 208 Ga. at 564-565; *Cox v. General Electric Corp.*, supra, 211 Ga. at 289-291; *Williams v. Hirsch*, supra, 211 Ga. at 534-535; *Gen. GMC Trucks, Inc. v. Gen. Motors Corp. &c.*, 239 Ga. at 373 (3) (237 SE2d 194) (1977); *Strickland v. Rio Stores, Inc.*, supra, 243 Ga. at 601-603. As it cannot be said that the gasoline industry is devoted to the citizens of this state and its use granted to the public, we conclude that the gasoline industry is not affected with a public interest and that OCGA § 10-1-234's regulation of prices is therefore unconstitutional.

For the foregoing reasons, we reverse the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Hill, C. J., not participating.*

DECIDED MARCH 4, 1986.

*Beck, Owen & Murray, James R. Fortune, Jr., Groover & Childs, Denmark Groover, Jr.*, for Batton-Jackson.

*Jones, Cork & Miller, H. Jerome Strickland, Robert C. Norman, Jr., Randall B. Robinson, Bruce C. Bailey*, for Texaco.

*Peyton S. Hawes, Jr., Robert S. Jones, Julie Childs*, for Reeves.

*Alston & Bird, Earle B. May, Jr., Rene J. Mouledoux, Pamela A. Hudak, Hansel & Post, Jule W. Felton, Jr., John G. Parker, Pillsbury, Madison & Sutro, David T. Steffen, Bruce W. McDiarmid*, amici curiae.