43535. STRICKLAND v. PORTS PETROLEUM COMPANY, INC.
43558. GEORGIA ASSOCIATION OF PETROLEUM RETAILERS, INC. v. TEXACO, INC. et al.
(353 SE2d 17)

SMITH, Justice.

These two cases were consolidated because they both involve constitutional challenges to the Below Cost Sales Act. The appellants, Richard Strickland and the Georgia Association of Petroleum Retailers, Inc., respectively sought injunctions to prevent: 1) appellee Ports Petroleum Company, Inc., from selling its gasoline below cost in violation of OCGA § 10-1-254 (a) (1); and 2) appellee Texaco et al., from selling its gasoline at discriminatory prices in violation of OCGA § 10-1-254 (a) (2). Both trial courts relied on *Batton-Jackson Oil Co. v. Reeves*, 255 Ga. 480 (340 SE2d 16) (1986), in denying the injunctions, and both held that section 10-1-254 of the Below Cost Sales Act was unconstitutional. We affirm both lower court decisions, and inasmuch as we find the statute to be unconstitutional, there is no need to address the other errors enumerated.

In *Batton-Jackson Oil Co. v. Reeves*, id. at p. 482, we held OCGA § 10-1-234 unconstitutional because it "violate[d] the due process clause of our State Constitution, 1983 Georgia Constitution, Art. I, Sec. I, Par. I, in that it [sought] to regulate a business *not affected with a public interest, . . .*" (Emphasis supplied.) In making that decision we relied upon *Harris v. Duncan*, 208 Ga. 561, 564-65 (67 SE2d 692) (1951), and other cases in which this court has "unreluctantly,"

*Williams v. Hirsch*, 211 Ga. 534, 535 (87 SE2d 70) (1955); *Strickland v. Rio Stores, Inc.*, 243 Ga. 600, 601 (255 SE2d 714) (1979), struck legislation that attempted to regulate and fix prices in industries that are *not affected with a public interest. Cox v. General Electric Co.*, 211 Ga. 286 (85 SE2d 514) (1955); *Strickland v. Rio Stores, Inc.*, supra.

This court has repeatedly declared "that '(t)he right to contract, and for the seller and purchaser to agree upon a price, is a property right protected by the due-process clause of our Constitution, and unless it is a business *"affected with a public interest,"* the General Assembly is without authority to abridge that right.' [Cits.]" *Batton-Jackson Oil Co. v. Reeves*, supra at p. 482 (quoting *Harris v. Duncan*, supra at pp. 564-565) (emphasis supplied), no matter what other states or the Supreme Court of the United States "may or may not have decided." *Cox v. General Electric Co.*, supra at p. 291.

The statute under consideration, in *Batton-Jackson Oil Co. v. Reeves*, supra, OCGA § 10-1-234, forced the parties to sell and buy gasoline at the prevailing retail price. Thus it fixed the price at which the seller and the purchaser could contract for the sale and purchase of gasoline. The Below Cost Sales Act also fixes the price for which the seller and purchaser may contract for the sale of gasoline. OCGA § 10-1-254 (a) (1) forbids retail sellers of gasoline from selling to purchasers at below cost, and OCGA § 10-1-254 (a) (2) requires all wholesale sellers to sell to all purchasers at the same price, except in limited situations, and it places the burden on the sellers to establish the existence of justification for variations in price between the different types of purchasers.

Although the appellants argue that this statute is different because it is designed to prevent only unjustified price differentials "where the effect of such below-cost sale or discrimination may be substantially to lessen competition or tend to create a monopoly, or to injure, destroy, or prevent competition, . . ." OCGA § 10-1-254, we cannot agree. The ultimate goal of the statute is the regulation of prices in one segment of the oil industry, the sale and resale of gasoline.

Applying *Batton-Jackson's* two-prong test we must ask the following: Does the challenged statute engage in pricefixing and is the industry involved "affected with a public interest?" We found above that both OCGA §§ 10-1-254 (a) (1) & (2) engage in price fixing, and in *Batton-Jackson Oil Co. v. Reeves*, supra at p. 483, we held "that the gasoline industry is not affected with a public interest. . . ."

We find that inasmuch as the gasoline industry is not affected with a public interest, the regulation of prices pursuant to Section 10-1-254 of the Below Cost Sales Act is unconstitutional.

*Judgment affirmed in Case Nos. 43535 and 43558. All the Jus-*

*tices concur.*

DECIDED FEBRUARY 16, 1987.

Peyton S. Hawes, Jr., Harrill L. Dawkins, Denmark Groover, Jr., for appellants.

Frank J. Beltran, H. Michael Dever, for appellee (case no. 43535).

H. Jerome Strickland, Robert C. Norman, Jr., Randall B. Robinson, Earle B. May, Jr., Kevin E. Grady, Mary C. Gill, Jule W. Felton, Jr., John G. Parker, John L. Watkins, William Pitts Carr, Eric E. Huber, David R. Aufdenspring, Jeffrey W. Kelley, Dean S. Daska, for appellees (case no. 43558).