**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

R. L. JORDAN OIL COMPANY OF
NORTH CAROLINA, INCORPORATED,
             *Plaintiff-Appellant,*

            v.

BOARDMAN PETROLEUM,
INCORPORATED, A Georgia
Corporation,

             *Defendant-Appellee.*

No. 03-1152

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-98-2892-7-20)

Argued: October 28, 2003

Decided: December 22, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Reversed and remanded by published opinion. Judge Luttig wrote the opinion, in which Judges Williams and Gregory concur.

---

## COUNSEL

**ARGUED:** Matthew A. Henderson, HENDERSON, BRANDT & VIETH, P.A., Spartanburg, South Carolina, for Appellant. William Marvin Grant, Jr., GRANT & LEATHERWOOD, Greenville, South Carolina, for Appellee. **ON BRIEF:** Joshua M. Henderson, HEN-

DERSON, BRANDT & VIETH, P.A., Spartanburg, South Carolina, for Appellant. R. Perry Sentell, III, KILPATRICK STOCKTON, L.L.P., Augusta, Georgia, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

Appellant R. L. Jordan Oil Company ("Jordan Oil") appeals from the district court's dismissal of its suit against appellee Boardman Petroleum, Inc. ("Boardman"), brought under section 325(A) of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-325(A). For the reasons that follow, we reverse and remand for further proceedings.

I.

The facts giving rise to Jordan Oil's claim against Boardman are set forth in our opinion in Jordan Oil's first appeal of this case, and we do not recount them here. *See R. L. Jordan Oil Co. of North Carolina, Inc.* v. *Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 142-43 (4th Cir. 2001) (per curiam) (unpublished).

Upon remand following our decision, the district court found that it had diversity jurisdiction over this case under 28 U.S.C. § 1332(a), and, per our instructions, certified to the South Carolina Supreme Court the question of whether Boardman fell within the "meet competition" exception of section 325(A). The South Carolina Supreme Court, in turn, held that the "meet competition" clause meant what it said and did not include Boardman's retail sale of fuel $0.02 below the price of its competition. *See R.L. Jordan Oil Co. of North Carolina, Inc.* v. *Boardman Petroleum, Inc.*, 572 S.E.2d 288, 290 (S.C. 2002) ("*R.L. Jordan II*").

On December 31, 2002, the district court dismissed the case again, on the ground that section 325(A) violates the substantive due process clause of the South Carolina Constitution, S.C. Const. art. I, § 3. In the alternative, the district court found that, even if section 325(A) did

not violate the state constitution, Jordan Oil's claim still failed because section 325(A) required the plaintiff "to submit evidence of an anti-competitive or anti-trust injury to prevail," J.A. 93, which Jordan Oil failed to do. From this judgment, Jordan appeals.

## II.

Initially, the district court erred by first deciding the constitutionality of the act and only thereafter interpreting the statute. If, as the district court held, section 325(A) required Jordan Oil to show that Boardman's conduct caused "anti-competitive or anti-trust injury to prevail," J.A. 93, then it was not necessary for the court to consider whether section 325(A) violated the state constitution's substantive due process clause. Indeed, were the district court correct in its interpretation of section 325(A), the statute would not violate the state constitution under the district court's own constitutional analysis, because the statute would "create a violation" only where the plaintiff could show "anti-competitive or anti-trust injury," not "where there is any injury to a competitor." J.A. 93. Nevertheless, because we find that the act does not require proof of "anti-competitive or anti-trust injury," we must address both questions.

## A.

We turn first to the interpretation of section 325(A). Section 325(A) provides as follows:

> Except as otherwise permitted to meet competition as provided by this chapter, it is declared an unfair trade practice and unlawful for any person who is in the retail business of selling motor fuel to sell motor fuel of like grade and quality at retail at a price which is below the cost of acquiring the product plus taxes and transportation where the intent or effect is to destroy or substantially lessen competition *or to injure a competitor*.

S.C. Code § 39-5-325(A) (emphasis added). The district court interpreted the phrase, "or to injure a competitor," to require that a plaintiff "submit evidence" that the defendant's conduct caused an "anti-

competitive or anti-trust injury." J.A. 93. The district court explained, and held, that this required the plaintiff to show "either effect or intent to injure competition as a whole." *Id*.

We conclude that this interpretation was in error under the plain language of the statute. *See Wade* v. *Berkeley County*, 559 S.E.2d 586, 588 (S.C. 2002) (holding that, "[i]f a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning"). Section 325(A) provides that below cost selling is an "unfair trade practice" in two different circumstances, "where the intent or effect is to destroy or substantially lessen competition," or "where the intent or effect is . . . to injure a competitor." To interpret the act as the district court did, transposes the showing of harm to competition required under the first circumstance onto the less demanding showing of "injury to a competitor" required by the second, effectively reading the lower standard of the second circumstance out of the act.

Without specific direction from the South Carolina courts, we decline to read section 325(A) in such a way to deny independent effect to each of its clauses. Accordingly, we hold that the clause, "or to injure a competitor" in section 325(A), requires simply that "the intent or effect" of the defendant's below cost-selling be to injure the plaintiff.

B.

Having interpreted section 325(A) to allow a competitor to recover upon a mere showing of economic injury as a result of the defendant's below cost selling of motor fuel, we turn to the question of whether, as the district court held, the act violates the substantive due process clause of the South Carolina state constitution. We conclude that it does not.

Until the South Carolina Supreme Court's decision in *R.L. Jordan Oil Co., Inc.* v. *Boardman Petroleum, Inc.*, 527 S.E.2d 763 (S.C. 2000) ("*R.L. Jordan I*"), in which the South Carolina Supreme Court answered a question certified to it in this case, the South Carolina courts, "adhered to the traditional substantive due process analysis

developed by the United States Supreme Court during the first third of the 20th century," *id*. at 764, in giving meaning to the substantive due process clause of the South Carolina Constitution. In *R.L. Jordan I*, however, the South Carolina Supreme Court overruled its previous cases and adopted the "modern rule" for judging substantive due process challenges. The inquiry under this "new" approach is "[w]hether [the statute being challenged] bears a reasonable relationship to any legitimate interest of government." *Id*. at 765. As the *R.L. Jordan I* court observed, this "modern rule gives great deference to legislative judgment on what is reasonable to promote the public welfare when reviewing economic and social welfare legislation." *Id*.

Applying this deferential standard, it is evident that the district court erred in concluding that, insofar as section 325(A) "creates a violation where there is any injury to a competitor,"* "it is not reasonably related to the legitimate state interest of preventing predatory pricing, and therefore cannot be upheld." J.A. 93. There are two fundamental flaws in the district court's analysis.

First, the district court erroneously presumed that the legitimate state interest, to which section 325(A) must be "reasonably related," is limited to "preventing predatory pricing," or, put another way, to deterring below cost pricing only when such pricing harms competition as a whole. For better or worse, the state legislature's power is not so circumscribed. There are myriad "legitimate interest[s] of government" that do not necessarily promote competition in marketplace, such as the prevention of "loss leader" selling or the promotion of stability in the market for gasoline prices. Either interest would be directly served by section 325(A).

Second, even accepting the prevention of "predatory pricing" as the state's only legitimate interest, it is clear that section 325(A) is "reasonably related" to that interest. Simply because the state legislature seeks to deter anti-competitive conduct does not mean that it must

---

*The district court held that the constitutional infirmities of section 325(A) would be cured by severing the "or to injure a competitor" clause, thereby making it a requirement, under the statute, for a plaintiff to show that the defendant's conduct had the "intent or effect . . . to destroy or substantially lessen competition." J.A. 93.

require plaintiffs to demonstrate that the defendant's conduct had such an effect in every case. The legislature could reasonably choose, as it appears to have done here, to accept the plaintiff's own injury as a proxy for such anti-competitive effect. One could quibble with this choice on the ground that it may also penalize entities whose below-cost selling is pro-competitive; but, critically, this does not mean that such a choice fails to bear a "reasonable relationship" to the goal of preventing anti-competitive conduct.

## III.

For the reasons stated, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*