444

No. 7805.   FEBRUARY 28, 1931.

*Grant & Long,* for plaintiff in error.
*John F. Echols* and *Noah J. Stone,* contra.

HILL, J.   McConnell brought a petition seeking to enjoin Fauss, the owner of a lot fronting on North Boulevard in the City of Atlanta, from erecting a store building thereon.   The petition alleged that the property had been zoned in accordance with the amendment of 1927 to the constitution of Georgia, and the act of the General Assembly of 1929, amending the charter of the City of Atlanta, and the ordinance of the city passed pursuant to such constitutional amendment and the act.   The locations of the lot of the defendant, George H. Fauss, and of the lots owned by the plaintiff McConnell, and others, are shown by a map as follows:

It appears that the Atlanta board of zoning commissioners zoned all of the lots shown on the map fronting on North Boulevard for a distance of 100 feet eastward from North Boulevard.   The lots

are 222 feet in depth. Thus by action of the zoning board 122 feet of the lot owned by Fauss was left restricted to the erection of residence property; that is the 122 feet fronting on the alley in the rear of the lot and shut off from Boulevard, the front of the lot, by 100 feet zoned for business property. On appeal the board of zoning appeals granted the petition of Fauss to change the zoning limit for business backwards 122 feet to the alley, thus enabling Fauss to occupy his entire lot with business property. McConnell insisted that the action of the board of zoning appeals was taken without notice to himself and other property owners, as required by the act and the ordinance. Fauss attacked the zoning law, on the ground, among others, that "it is violative of paragraph 1 of section 3 of article 1 of the constitution of this State, which declares that 'private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid,'" if applied to his property as sought by McConnell, because if the zoning ordinance restricts the use of his lot to residential purposes other than the front 100 feet, then said ordinance, as it seeks to divide his lot into two separate use classes by zoning the first 100 feet to business use and restricting the rear 120 feet to residence use, is unreasonable, arbitrary, illegal and unconstitutional.

■ The interpretation and application of the zoning law as sought by McConnell in the present case would render the act and ordinance unreasonable and arbitrary. Yick Wo v. Hopkins, 118 U. S. 356 (6 Sup. Ct. 1064, 30 L. ed. 220).

■ The lack of notice by Fauss of his intention to appeal can not affect the result.

■ In view of the above ruling, it is unnecessary to state or to pass upon other constitutional questions made in the record.

*Judgment reversed. All the Justices concur except Hines, J., who dissents.*