### 21353. PALMER *et al.* v. TOMLINSON.

HEAD, Presiding Justice. 1. Zoning regulations regularly enacted by a municipality pursuant to constitutional and legislative authority are valid and can not be held to be unconstitutional on the contention that constitutional authority to zone conflicts with other provisions of the Constitution, or upon the contention that rights guaranteed by the Constitution are denied as a result of the zoning regulations. *Howden v. Mayor &c. of Savannah*, 172 Ga. 833, 843 (159 SE 401); *Schofield v. Bishop*, 192 Ga. 732 (16 SE2d 714).

2. The defendant's plea of laches can not be sustained. No facts are alleged to show any prejudice to the defendant, or that the "ascertainment of the truth" (*Code* § 37-119) is made more difficult by any delay on the part of the plaintiffs to immediately seek relief against the defendant for the unlawful use of his property. *Vickers v. City of Fitzgerald*, 216 Ga. 476, 482 (117 SE2d 316).

3. The case of *Fauss v. McConnell*, 172 Ga. 444 (157 SE 625), cited and strongly relied upon by counsel for the defendant, is not in point on its facts with the present case. Furthermore, the *Fauss* case is not a full-bench decision, and is not binding as authority upon this court.

4. The variance of 50 feet in the use of the defendant's property, granted by the Board of Adjustment on appeal, is wholly ineffective to defeat the plaintiffs' objections to the unlawful use by the defendant of his property, since the variance granted neither covers, nor extends to, the property unlawfully used under the zoning ordinance.

5. "The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction

where the evidence is conflicting does not apply when the question to be decided by the trial judge is one of law." *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.*, 118 Ga. 255 (45 SE 267); *Washington National Ins. Co. v. Mayor &c. of Savannah*, 196 Ga. 126 (26 SE2d 359); *Sirota v. Kay Homes, Inc.*, 208 Ga. 113 (65 SE2d 597).

6. "A property owner residing in that portion of a municipality where a zoning ordinance is in force restricting the use of property in the zone to residential purposes may properly apply for an injunction against the use of an existing structure within the restricted area, where such use is in violation of the zoning ordinance, without showing special damages." *White v. Griggs*, 210 Ga. 364, 366 (80 SE2d 163); *Snow v. Johnston*, 197 Ga. 146 (28 SE2d 270); *Hardin v. Croft*, 207 Ga. 115 (3) (60 SE2d 395); *Reed v. White*, 207 Ga. 623 (2) (63 SE2d 597); *Sirota v. Kay Homes Inc.*, supra. The above authorities, being full-bench decisions by this court, are controlling as to the rights of the plaintiffs to an injunction against admitted use by the defendant of his property in violation of the zoning ordinance.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1961—DECIDED OCTOBER 25, 1961—REHEARING DENIED NOVEMBER 6, 1961.

*Calhoun & Calhoun*, for plaintiffs in error.

*John L. Westmoreland, John L. Westmoreland, Jr.*, contra.

In December, 1957, Mark Palmour, Jr., acquired title to a tract of land fronting 100 feet on Peachtree Road in the City of Atlanta, and running back an equal width some 925 feet on one side, and 946 feet on the other, the back line of the property being irregular in shape. At the time the property was acquired by Palmour the front 400 feet nearest Peachtree Road was zoned A-1 (for apartment use), and the remainder, R-3 (for single family dwellings). In 1958 Palmour constructed three apartment buildings on the property zoned A-1, and in connection therewith paved an area approximately 75 feet square on the property zoned R-3. Tenants of the apartment buildings began using the paved area on the property zoned R-3 as the apartments were occupied. In October, 1958, Palmour conveyed a one-half interest in the property to his nephew, Elwyn Tom-

linson, the defendant in the present case, and in January, 1960, conveyed to the defendant the other one-half interest.

On July 21, 1960, Steve Palmer, Alton F. Bryant, and Dr. Robert L. Moore filed their petition to enjoin the defendant Tomlinson from extending the parking area on the property zoned R-3, and from allowing the use of the property so zoned for the parking of tenants' cars, and the cars of tenants' guests; from the storage of garbage cans and containers on the property, and use by service trucks entering the defendant's property. Rule nisi was issued, and a temporary restraining order entered, which was subsequently renewed.

Prior to the hearing on the application for interlocutory injunction, the Atlanta-Fulton County Joint Planning Board, on August 10, 1960, denied the defendant's application to rezone that part of this property zoned R-3 (residential) to A-1 (apartment use). The Board of Adjustment on appeal, on April 7, 1961, granted a variance of 50 feet in the use of the defendant's property zoned R-3 to A-1. This variance did not extend to, or cover, the paved area on the defendant's property zoned R-3.

On May 2, 1961, after a hearing, the application for interlocutory injunction was denied. The exception is to this judgment.