31497. GELD-HALDEN INDUSTRIES, INC. v. PARR et al.

UNDERCOFLER, Presiding Justice.

Geld-Halden appeals from a temporary injunction barring it from encumbering, conveying or in any manner changing the present status of certain property which was the subject of a foreclosure action by Geld-Halden.

Appellant's complaints are that the trial court lacked jurisdiction of the subject matter, lacked jurisdiction of its person, and that appellee had not complied with the

---

provisions of Code Ann. § 81A-165 (b) governing the issuance of temporary restraining orders.

The record shows a petition to enjoin the sale of real estate was filed against Geld-Halden in Hall County on April 27, 1976. A temporary restraining order was issued by the trial judge and a hearing set for May 25, 1976. Geld-Halden's counsel appeared specially at the hearing for the purpose of making oral motions to dismiss the petition for lack of jurisdiction. He stated he was not going into the merits but that Geld-Halden was resident in Fulton County and had never been properly served with the petition or process; however, it had received a copy of the petition and order through the mail. The petition contains no allegations as to jurisdiction and there is no process or service shown except an attorney's certification that opposing counsel was mailed a copy of the petition. No written defenses or motions were filed. No evidence was introduced at the hearing. The trial judge stated he would issue a temporary restraining order, directed the petitioner to properly serve Geld-Halden in Fulton County, and that the case was "still open for pleadings and everything else."

We conclude that the order appealed from is an interlocutory injunction issued after hearing at which Geld-Halden appeared by counsel who acknowledged Geld-Halden had received notice of the hearing by mail. Accordingly, Code Ann. § 81A-165 relating to temporary restraining orders is not applicable here to the question of whether the trial court had jurisdiction to issue the interlocutory injunction. The temporary restraining order has expired and is moot so far as this issue is concerned. See *Mar-Pak Michigan, Inc. v. Pointer,* 226 Ga. 189 (173 SE2d 206) (1970). Also the record does not reflect any ruling by the trial court upon the Geld-Halden's motions to dismiss for lack of jurisdiction. As we construe the colloquy between the trial judge and counsel, judgment has been reserved on these issues until appropriate written pleadings are filed and a hearing can be held. Since the trial judge has not ruled upon the jurisdictional issues presented here we remand the case to the trial court for hearing and judgment on the appellant's motions to dismiss for lack of jurisdiction with

leave to pursue this appeal after such judgments are entered.

*Case remanded. All the Justices concur.*

SUBMITTED SEPTEMBER 3, 1976 — DECIDED OCTOBER 19, 1976.

*James E. Thompson,* for appellant.
*Jack C. Bell,* for appellees.