35665. TATE v. STEPHENS et al.

CLARKE, Justice.

Appellant, Robert O. Tate, appeals an order of Hall County Superior Court which ruled he had no standing to contest certain actions of the building inspector of the City of Gainesville and the Board of Zoning Appeals of the City of Gainesville. The controversy arose as a result of the Gainesville authorities issuing to an adjoining land owner a building permit which was opposed by Tate. In his amended pleadings, Tate contends the permit was wrongfully granted because of insufficient "setback," insufficient area as required by ordinance for construction and failure to conform to requirements for

the installation of a septic tank. He also alleges that Gainesville authorities engaged in selective enforcement of the law in favor of his neighbor and that the city amended its zoning ordinance in an effort to defeat the right sought to be enforced by Tate.

His complaint is in the nature of an appeal from the ruling of the Board of Zoning Appeals of the City of Gainesville, a suit for mandamus and injunction and an attack upon the amended city ordinance seeking to have it declared null and void.

The trial court found no special damages to have occurred to the property of Tate as a result of the action of the Gainesville authorities. Consequently, the court found no standing.

The issue before this court is whether Tate has standing to pursue the remedies sought.

In determining who has standing to appeal a decision of a board of zoning appeals, the test is whether the party has been aggrieved. "Any person or persons severally or jointly aggrieved by any decision of the board of zoning appeals may take an appeal to the superior court." Code Ann. § 69-1211.1. It is well settled that in order to attain "aggrieved" status under the statute, a person must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated. *Evans v. Augusta-Richmond County Bd. of Zoning Appeals,* 113 Ga. App. 113 (147 SE2d 455) (1966); *Victoria Corp. v. Atlanta Merchandise Mart, Inc.,* 101 Ga. App. 163 (112 SE2d 793) (1960). The interest shown must be more than ". . . merely that of a taxpayer of the municipality seeking 'to have a strict enforcement of zoning regulations for the benefit of the general welfare of the community or general enhancement of property values.'" Plaintiff ". . . 'may not assume the role of champion of a community to challenge public officers to meet him in courts of justice to defend their official acts.'" Id. at 163. Standing within the meaning of Code Ann. § 69-1211.1 is similar to the special damages standing test which is the threshold requirement to bring a suit for public nuisance. *Brock v. Hall County,* 239 Ga. 160 (236 SE2d 90) (1977).

Appellant here attempts to create a legal ground upon which he may stand as a party by complaining that his constitutional rights have been violated because of the special treatment given to Martin in the selective enforcement of the zoning ordinances. He also claims that he has standing by reason of the fact that he is alleging a right and praying for mandamus and an injunction.

, It has been specifically held that the interest which any taxpayer would have in the enforcement of zoning laws does not constitute special damages required by Code Ann. § 69-1211.1. *Victoria Corp. Atlanta v. Merchandise Mart, Inc.,* supra at 163.

Appellant argues that he is entitled to a writ of mandamus and an injunction. He asserts that he can make use of these remedies and thereby cause the standing restriction to be relaxed so that no special interest is necessary. Code Ann. § 64-104. We disagree. Zoning ordinances and determinations do not confer a public right to the extent that they can be attacked by anyone interested in having the laws executed and the duty in question enforced. A party must have a special interest in order to enforce or attack a zoning determination. If this were not true, Code Ann. § 69-1211.1 would be a mere legislative futility. To rule otherwise would bestow a procedural advantage upon remote parties as opposed to those who are directly affected. This is true because remote parties could proceed directly to court by means of mandamus or injunction while parties with special damage would be required to exhaust administrative remedies.

We, therefore, find that special damages are required in order to bestow standing regardless of whether the complaining party pursues an appeal or seeks equitable relief.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1980 — DECIDED · MARCH 18, 1980 — REHEARING DENIED MARCH 31, 1980.

*Robert J. Reed, Douglas Parks,* for appellant.

*Smith, Smith & Frost, Randall Frost, Telford, Stewart & Stephens, William Blalock,* for appellees.