S98A0168. DOLINGER et al. v. DRIVER et al.
(498 SE2d 252)

THOMPSON, Justice.

The issue for decision in this case is whether high school students who lack the required course credits to graduate can resort to a court of equity and obtain an injunction that would allow the students to march in a graduation ceremony. The answer is "no."

Two and a half weeks prior to their graduation from high school, a number of Fulton County students were notified that discrepancies had been found in the computer records which tracked their course

work, grades and credits. Following an investigation, school officials informed the students that they did not qualify for a high school diploma and would not be allowed to participate in the graduation ceremony.

Less than 48 hours before the scheduled graduation ceremony, five students brought suit against the school board and school officials, seeking an order requiring the school board to let them participate in the commencement exercises. A six-hour hearing was held on the eve of the scheduled graduation. At the conclusion of the hearing, the superior court determined that the students had no constitutional right to participate in a graduation ceremony. Nevertheless, even though the students lacked the required course credits to graduate, the court entered a temporary restraining order enabling four of the students to participate in the graduation ceremony.

Defendants brought this appeal. In the meantime, the four students participated in the graduation ceremony.

1. A temporary restraining order is not directly appealable. OCGA § 5-6-35 (a) (9). Although the injunction in this case is denominated as a TRO, there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name. *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994); *Frost v. Frost*, 235 Ga. 672, 673 (1) (221 SE2d 567) (1975). Thus, where a TRO is entered after a lengthy adversary hearing and effectively grants the plaintiff all of the relief he or she sought, it is directly appealable. *Commonwealth of Virginia v. Tenneco, Inc.*, 538 F2d 1026, 1029-1030 (4th Cir. 1976). See also *Coalition for Basic Human Needs v. King*, 654 F2d 838 (1st Cir. 1981) (TRO is appealable if in reality it operates as preliminary injunction).

The TRO in this case was entered after a six-hour evidentiary hearing at which both sides were present. Moreover, it did not merely preserve the status quo pending further proceedings; it directed action which gave plaintiffs all of the relief they sought. It follows that the TRO was directly appealable and that we have appellate jurisdiction. See *Geld-Halden Indus. v. Parr*, 237 Ga. 773, 774 (229 SE2d 620) (1976).

2. This appeal is not moot simply because the students participated in the graduation ceremony. The issues in this appeal are of public importance and they are capable of repetition, yet evade judicial review. See *Payne v. Chatman*, 267 Ga. 873, 876 (485 SE2d 723) (1997); *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986). As a practical matter, cases of this type invariably will be brought at the eleventh hour when immediate appellate review will be impossible.

3. The students did not assert that they were being deprived of a diploma they had earned. They only sought the right to march with their classmates in the graduation ceremony. However, students

have no right to participate in a graduation ceremony. *Williams v. Austin Independent School Dist.*, 796 FSupp. 251, 255 (W.D. Tex. 1992) (although students have property interest in high school diploma, there is no accompanying right to receive the diploma at a graduation ceremony); *Swany v. San Ramon Valley Unified School Dist.*, 720 FSupp. 764, 773-774 (N.D. Cal. 1989) (student has no property interest in graduation ceremony even if he met all graduation requirements); *Fowler v. Williamson*, 448 FSupp. 497, 502 (W.D. NC 1978) (graduation ceremony is not a property right). See also *Smith v. North Babylon Union Free School Dist.*, 844 F2d 90, 94 (2nd Cir. 1988) (graduation exercises are mere social occasions and are not protected by free exercise clause). It follows that the students have no legally viable due process claim.

4. At the conclusion of the hearing, the superior court acknowledged that the students had no legal right to participate in the high school graduation ceremony. Nevertheless, the court entered an injunction, declaring that it had equitable power to "do the right thing." In so doing, the court erred because the first maxim of equity is that equity follows the law. *Lewis v. Bd. of Ed. of Lowndes County*, 183 Ga. 687, 690 (189 SE 233) (1936). Thus, a court of equity has no more right than a court of law to act on its own notion of what is right in a particular case. "Where rights are defined and established by existing legal principles, they may not be changed or unsettled in equity." 27A AmJur2d 595, Equity, § 109 (1996). Although equity does seek to do complete justice, OCGA § 23-1-7, it must do so within the parameters of the law.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Sutherland, Asbill & Brennan, Judith A. O'Brien, Bradley E. Heard,* for appellants.

*Thurbert E. Baker, Attorney General, Kathryn L. Allen, Senior Assistant Attorney General, Albert A. Mitchell, Sonya Bailey, Derek M. Alphran,* for appellees.