A05A1030. MASSEY v. BUTTS COUNTY et al.

(621 SE2d 479)

RUFFIN, Chief Judge.

David Massey brought suit against Butts County, the Butts County Board of Zoning Appeals (the Board), and Roy Reid, alleging that a barn constructed on Reid's property violated certain zoning ordinances. Massey sought removal of the structure and a permanent injunction to ensure that any future improvement to Reid's land comply with applicable zoning ordinances. The defendants moved to dismiss Massey's petition. The trial court granted the motion, finding that Massey lacked standing since he had failed to demonstrate special damages. Massey appeals, arguing that under a line of Supreme Court authority, he is not required to show special damages in order to obtain standing. For reasons that follow, we find Massey's argument unpersuasive, and we affirm.

The undisputed facts demonstrate that Reid owns property in Butts County. Reid began building a barn on his property without first obtaining a building permit. Upon learning that a permit was required, Reid sought — and obtained — a building permit on May 23, 2003.

Massey, who owns property near Reid's property, filed an appeal to the Board, challenging the issuance of the building permit. After the Board denied the appeal, Massey appealed to the superior court. In his petition, Massey sought a ruling that the building permit, which he alleged violated applicable ordinances, be declared null and void and that the barn be removed. Specifically, Massey contended that the barn violated certain setback provisions.

The superior court dismissed the appeal, holding that Massey lacked standing because he had not "demonstrated [any] special damage [or] impact on his property or himself." On appeal, Massey alleges that he is permitted to bring such suit without establishing

special damage under the authority of *Palmer v. Tomlinson*[1] and *Snow v. Johnston*.[2] We disagree.

As a threshold matter, we question whether Massey has sufficiently perfected the record in order for us to consider his appeal. It is well established that county ordinances must be alleged and proved before the trial court.[3] Here, it seems that Massey's case rests upon his underlying contention that the building permit violated Butts County's zoning ordinances, yet it does not appear that the ordinances were proven before the trial court.

However, Massey set forth the various ordinances in his complaint, and in its answer Butts County admitted to the existence of such ordinances. Assuming for the sake of argument that the parties' pleadings are sufficient to establish the ordinance at this stage of the proceedings, we find no basis for reversal.

Massey cites multiple cases for the proposition that he need not establish special damages in order to achieve standing. The cases upon which Massey relies stand for the proposition that

> [a] property owner residing in that portion of a municipality where a zoning ordinance is in force restricting the use of property in the zone to residential purposes *may properly apply for an injunction* against the use of an existing structure within the restricted area, where such use is in violation of the zoning ordinance, without showing special damages.[4]

"By definition, an injunction provides relief from *future* wrongful conduct: the remedy by injunction is to prevent, prohibit or protect from future wrongs and does not afford a remedy for what is past."[5] Here, Massey does not actually seek an injunction — the permit has already been granted and the barn is actually built.[6] Rather, Massey seeks the affirmative relief of having the building permit rescinded and the barn destroyed. In other words, Massey is essentially challenging the government's decision to grant Reid the building permit.

---

[1] 217 Ga. 399 (122 SE2d 578) (1961).

[2] 197 Ga. 146 (28 SE2d 270) (1943), overruled on other grounds, *East Lands, Inc. v. Floyd County*, 244 Ga. 761 (262 SE2d 51) (1979).

[3] *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996).

[4] (Punctuation omitted; emphasis supplied.) *Palmer*, supra at 400 (6); see also *Snow*, supra at 152 (2); *Hardin v. Croft*, 207 Ga. 115, 116 (3) (60 SE2d 395) (1950); *Reed v. White*, 207 Ga. 623, 624 (2) (63 SE2d 597) (1951).

[5] (Punctuation omitted; emphasis in original.) *Catrett v. Landmark Dodge*, 253 Ga. App. 639, 644 (3) (560 SE2d 101) (2002).

[6] Indeed, neither *Snow* nor *Palmer* involves a case in which the government had already issued a building permit.

Under these circumstances, Massey's complaint falls squarely within the ambit of the Supreme Court's ruling in *Tate v. Stephens*.[7] In that case, a homeowner opposed the issuance of a building permit to an adjoining landowner, arguing that the permit was wrongfully granted because it violated a setback required by ordinance. The Supreme Court concluded that the homeowner lacked standing to bring such suit, ruling that such petitioner must show special damages in order to gain standing.[8]

Here, Massey does not contend — much less demonstrate — that he sustained special damages. Accordingly, he lacks standing, and the trial court properly dismissed his petition.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 1, 2005 —
RECONSIDERATION DENIED SEPTEMBER 13, 2005 —

*Galloway & Lyndall, Newton M. Galloway, John C. Torri,* for appellant.

*Fears, Lawrence & Turner, N. Kent Lawrence, Douglas R. Ballard, Jr., Denise F. Hemmann,* for appellees.

---

[7] 245 Ga. 519 (265 SE2d 811) (1980).

[8] See id. at 521. In *Tate*, the Supreme Court ruled that "special damages are required in order to bestow standing regardless of whether the complaining party pursues an appeal *or seeks equitable relief.*" Id. (Emphasis supplied.) Given this unequivocal language, we question the continuing viability of *Snow* and *Palmer*.

[9] See id.