S06G0207. MASSEY v. BUTTS COUNTY et al.
(637 SE2d 385)

BENHAM, Justice.

Once again we are faced with the troublesome issue of a party's standing to use equitable means to enforce or attack the issuance of a building permit.[1] We endorse our holdings in *Tate v. Stephens*, 245

---

[1] In the trial court, appellant sought judicial review of the administrative decision to issue the building permit, as well as declaratory and injunctive relief. The local zoning ordinance generally contains the procedure governing the filing of a judicial appeal from the decision of the local board of zoning appeals. See, e.g., *Jackson v. Spalding County*, 265 Ga. 792 (1) (462 SE2d 361) (1995); *RCG Properties v. City of Atlanta &c.*, 260 Ga. App. 355, 362 (579 SE2d 782) (2003). As noted by the Court of Appeals in *Massey v. Butts County*, 275 Ga. App. 478, 479 (621 SE2d 479) (2005), the record in the case at bar does not contain the pertinent sections of the Butts County zoning ordinance, including that which sets out the procedure for filing judicial appeals. Accordingly, we will not address appellant's standing to appeal the decision of the Butts County Board of Zoning Appeals. Insofar as standing to bring a declaratory judgment action is concerned, "[w]e deem it inappropriate to adopt different rules as to standing

Ga. 519 (265 SE2d 811) (1980), and *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 192) (1984), and conclude that one who seeks to use equity for such a purpose must show "special damages" in order to pursue such an action, i.e., one "must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated." *Tate v. Stephens*, supra, 245 Ga. at 520. Stated another way, "the *first* requirement for standing is that a person claiming to be aggrieved have a 'substantial interest' in the zoning decision." *Brand v. Wilson*, supra, 252 Ga. at 417. Inasmuch as appellant David Massey did not allege or demonstrate any special damage to him or his property resulting from the issuance of the building permit to appellee homeowner Roy Reid, we affirm the Court of Appeals' affirmance of the trial court's dismissal of Massey's action.

Massey filed an appeal in superior court from the decision of appellee Butts County Board of Zoning Appeals which dismissed his appeal from the decision of appellee Butts County to issue a building permit to Reid. In his judicial appeal, Massey also sought a declaration that Reid's construction of a barn on Reid's property was not a permitted use under the county's zoning ordinance and the building permit which authorized the construction was null and void, and a permanent injunction requiring the removal of the barn. The trial court granted appellees' motion to dismiss on the ground that Massey had demonstrated no special damages and therefore lacked standing to pursue the appeal. The Court of Appeals affirmed the trial court's judgment in *Massey v. Butts County*, 275 Ga. App. 478 (621 SE2d 479) (2005). We granted Massey's petition for a writ of certiorari because both the trial court and the Court of Appeals expressed concern about the existence of two lines of cases emanating from this Court that govern whether "special damages" are needed to establish standing when a party seeks equitable relief to attack or enforce a zoning determination.

Appellant Massey relies upon the line of cases that has its roots in *Snow v. Johnston*, 197 Ga. 146 (28 SE2d 270) (1943), overruled on other grounds, *Vulcan Materials Co. v. Griffith*, 215 Ga. 811, 815 (114 SE2d 29) (1960) and *East Lands, Inc. v. Floyd County*, 244 Ga. 761, 764 (262 SE2d 51) (1979), wherein this Court held that a property owner residing in a part of a municipality in which there was a zoning

---

depending upon whether the plaintiffs seeks declaratory or injunctive relief." *Lindsey Creek Area Civic Assn. v. Consolidated Govt. of Columbus, Ga.*, 249 Ga. 488, 490, n. 3 (292 SE2d 61) (1982). Accordingly, we have limited ourselves to addressing the question of standing to use equitable means to enforce or attack the administrative action taken, and the answer will apply to the declaratory judgment portion of the judicial appeal as well.

ordinance restricting property use to residential purposes had standing, without showing special damages, to apply for injunctive relief against the use in violation of the zoning ordinance of an existing structure within the restricted area. See also *Palmer v. Tomlinson,* 217 Ga. 399 (122 SE2d 578) (1961). Appellees, on the other hand, look to this Court's decision in *Tate v. Stephens,* supra, 245 Ga. at 521, where this Court held that a party must have "special damages" in order to seek injunctive relief as a means to enforce or attack a zoning determination, including the issuance of a building permit.[2]

In both *Snow* and *Tate* the Court crafted a resolution to a standing issue in the absence of legislation addressing the issue. In *Snow,* 197 Ga. at 152, this Court determined that a homeowner in an area zoned for residential use "may well be said to suffer a damage not shared by the public" when another resident seeks to use his property in the zoning district for business purposes. In the apparent absence of legislation governing the use of injunctive relief, the Court used case law developed with regard to the use of equitable relief when covenant restrictions were violated, and concluded that a plaintiff need not show actual damages "[t]o warrant relief by injunction. . . ." Id. Two years after *Snow* was decided, the General Assembly passed comprehensive zoning and planning legislation for Georgia municipalities and provided the right to judicial review of a decision of the municipal board of adjustment to "[a]ny person or persons who may have a substantial interest in any decision of the board of adjustment. . . ." Ga. L. 1946, pp. 191, 198 (codified as Code Ann. § 69-827). In 1957, the General Assembly authorized the establishment of municipal and county planning commissions as well as boards of zoning appeals (Ga. L. 1957, p. 420, §§ 1-5, 7) and, in 1964, amended the 1957 act to provide the right to appeal the decisions of the board of zoning appeals to "[a]ny person or persons severally or jointly aggrieved. . . ." Ga. L. 1964, pp. 259, 260 (codified as Code Ann. § 69-1211.1).

The 1946 and 1964 legislation established the "substantial interest-aggrieved citizen" standing requirement and provided the lodestar

---

[2] Appellant, citing *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524) (1956), contends *Snow* is controlling because it is the older precedent. In *Sowell,* decided at a time when this Court's policy required a unanimous decision to overrule a unanimous decision (see *Ward v. Big Apple Super Markets,* 223 Ga. 756, 764 (158 SE2d 396) (1967)), this Court stated "[w]here there is conflict existing in the decisions of this court, the correct rule must be determined from the earliest decisions on the subject, and unless overruled, they are controlling." Id. at 353. More recently, however, this Court recognized the repeal of the full bench rule and gave notice thereof to the bench and bar in *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839) (1975). Following the demise of the "full bench rule," this Court has determined that the "more persuasive" rule is that which is later in time. *Houston v. Lowes of Savannah,* 235 Ga. 201, 203 (219 SE2d 115) (1975), citing *Hall v. Hopper,* supra. Accordingly, *Sowell* should not be cited for this proposition.

for this Court when subsequently confronted with standing issues related to those addressed in the legislation, but not controlled by the legislation. When faced with a local zoning ordinance that provided neither the method to obtain judicial review of a rezoning decision nor the qualifications of those who had standing to pursue such a judicial appeal, this Court adapted the Legislature's "substantial interest-aggrieved citizen" test, statutorily applicable only to judicial appeals from the decisions of local boards of adjustment or zoning appeals, and applied it to judicial appeals from the zoning decisions rendered by local governing authorities when it applied the legislative standing requirement to a rezoning decision. *Brock v. Hall County*, 239 Ga. 160, 161 (236 SE2d 90) (1977). See also *Dunaway v. City of Marietta*, 251 Ga. 727 (1) (308 SE2d 823) (1983). The Court did so after acknowledging that although there was a difference between a local zoning board of adjustment that was covered by the statute and a "zoning authority" (the local governing authority), the two bodies were related "in that they both deal with aspects of zoning." In *Tate v. Stephens*, supra, 245 Ga. at 520-521, this Court, again in the absence of controlling legislation, applied the legislative "substantial interest-aggrieved citizen" standing test to a judicial appeal in which a party sought to use mandamus and injunctive weapons to attack the issuance of a building permit that had been upheld by a local board of zoning appeals. Noting that Code Ann. § 69-1211.1 governed an appeal from the decision of a board of zoning appeals and required "substantial interest-aggrieved citizen" standing, this Court ruled the appealing party could not relax that standing restriction by seeking extraordinary and equitable remedies.

> Zoning ordinances and determinations do not confer a public right to the extent that they can be attacked by anyone interested in having the laws executed and the duty in question enforced. A party must have a special interest in order to enforce or attack a zoning determination. . . . [S]pecial damages are required in order to bestow standing regardless of whether the complaining party pursues an appeal or seeks equitable relief.

Id., 245 Ga. at 521. Accordingly, the party seeking to attack a zoning determination affirmed by the board of zoning appeals was required to have "substantial interest-aggrieved citizen" standing in order to seek mandamus or injunctive relief.

It thus appears that this Court's decision in *Tate* controls adversely to Massey the issue of Massey's standing to use equitable means in a judicial appeal to attack the issuance of a building permit to Reid. This Court's decision in *Snow*, while appropriate under the

circumstances in which it was rendered, is no longer viable in light of the General Assembly's enactment of legislation concerning standing in judicial appeals of certain zoning matters and this Court's adaptation of that legislative standard to answer questions of standing in other judicial appeals of zoning determinations.

There is, however, yet another twist in this historical saga, the effect of which must be taken into account. The General Assembly's enactments on standing which created the "substantial interest-aggrieved citizen" test that this Court adapted to other zoning appeals (former Code Ann. §§ 69-827, 69-1211.1) were not carried forward into the Code of 1981. They were eliminated, apparently as a result of the provision in the 1976 Constitution that "[t]he General Assembly shall not, in any manner, regulate, restrict or limit the power and authority of any county, municipality, or any combination thereof, to plan and zone as herein defined." Ga. Const. 1976, Article IX, Sec. IV, Par. II. See editorial notes to Ga. Code Ann. Chapters 69-8 and 69-12, Book 20B (Harrison Co. 1995 ed.). In *Warshaw v. City of Atlanta,* 250 Ga. 535, 536-537 (299 SE2d 552) (1983), this Court ruled the omission was appropriate after interpreting the 1976 constitutional provision "to mean, at the very least, that [each county and municipality] is free to establish reasonable procedures for the implementation of its zoning powers, including amendment of ordinances once submitted[,]" and going on to determine that the particular portion of Georgia Code Chapter 69-12 at issue was in "irreconcilable conflict" with the 1976 constitutional provision. The Court concluded that the former Code section in Chapter 69-12 "is no longer the law and was properly omitted from OCGA by the codifiers." Id.[3]

In *Brand v. Wilson,* supra, 252 Ga. at 417, this Court acknowledged that the legislative footing for the Court's decisions regarding standing in zoning matters was no longer in place, but concluded that the judicial extension, by analogy, to judicial appeals in zoning contests not mentioned in the statutes was not affected by the statutes' demise. The Court then reiterated its position, citing *Brock v. Hall County,* supra, and *Tate v. Stephens,* supra, that "the *first* requirement for standing is that a person claiming to be aggrieved have a 'substantial interest' in the zoning decision." Id. at 417. Accordingly, the trial court was correct when it dismissed Massey's judicial appeal in light of Massey's failure to establish "special interest-aggrieved citizen" standing, and the Court of Appeals correctly affirmed that decision.

---

[3] The 1983 Georgia Constitution authorizes the governing authority of each county and municipality to exercise the power of zoning, and expressly does not prohibit the General Assembly from enacting general laws establishing the procedure for the exercise of such power. Ga. Const. 1983, Art. IX, Sec. II, Par. IV.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Galloway & Lyndall, Newton M. Galloway, Terri M. Lyndall, John C. Torri,* for appellant.

*Fears, Lawrence & Turner, Kenneth G. Lawrence, Douglas R. Ballard, Jr., Denise F. Hemmann,* for appellees.