**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 24, 2015**

# In the Court of Appeals of Georgia

A15A1283. THE STATE v. SANTIAGO.

MILLER, Judge.

After accepting Domingo Santiago's guilty plea, but before imposing a sentence, the trial court dismissed the indictment over the State's objection. The State appeals, contending that the trial court erred in dismissing the case because it interfered with the State's right to prosecute crimes. We agree and reverse.

The record shows that Santiago was indicted for false imprisonment (OCGA § 16-5-41 (a)) and family violence battery (OCGA § 16-5-23.1 (f)) for gagging his wife, binding her wrists together, and beating her with a cord. Pursuant to a plea agreement, Santiago pled guilty to false imprisonment in exchange for the State's dismissal of the battery count. At the guilty plea hearing, the trial court found that Santiago's plea was freely, voluntarily, and knowingly made, and it accepted

Santiago's plea. As agreed to by the parties, the State recommended a total sentence of 10 years to be served on probation.

During the sentencing phase of the hearing, the trial court questioned Santiago and his wife, and discovered that Santiago beat his wife after learning that she was having an affair. Shortly after the incident, the couple reconciled, and they were together at the time of the plea hearing. The trial court asked the State's prosecutor whether the State still wanted to prosecute the case, and the prosecutor responded in the affirmative. The court then asked Santiago and his wife whether they "get in bed together and get it on?" When they responded that they did, the trial court stated that "[t]his is beginning to get a little ridiculous," and asked Santiago, "Would this conviction be something that you think she would be holding over your head to make you do what she says?" Santiago responded, "Yes." Defense counsel then asked the trial court to consider misdemeanor treatment, and the prosecutor objected. The trial court then sua sponte dismissed the case without elaboration.

On appeal, the State contends that the trial court erred in sua sponte dismissing the case because it impermissibly interfered with the State's right to prosecute Santiago's crime. We strongly agree.

2

The [S]tate has both the duty and the right to protect the security of its citizens by prosecuting crime. Because the purpose of criminal law is to serve the public functions of deterrence, rehabilitation and retribution, it is the [S]tate, not the victim, that has an interest in criminal prosecutions.

(Citations and punctuation omitted.) *Ambles v. State*, 259 Ga. 406, 406-407 (1) (383 SE2d 555) (1989). While the trial judge has the duty and power to control the proceedings of the court, that power is "subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law." (Citation omitted.) *State v. Brooks*, 301 Ga. App. 355, 359 (687 SE2d 631) (2009). "Our adversary system of criminal justice demands that the respective roles of the prosecution and defense and the neutral role of the court be kept separate and distinct in a criminal trial." *Bass v. State*, 285 Ga. 89, 91 (674 SE2d 255) (2009). Thus, while a trial judge has broad discretion to control court proceedings, the judge should not usurp the role of either the prosecutor or the defendant's counsel.

Here, it was the prosecutor's decision whether to prosecute the case in light of evidence that Santiago and his wife had reconciled. While the trial court may have disagreed with that decision, the record reveals no legal basis for the trial court to take away the State's right to prosecute Santiago. Not only do we find a lack of legal basis for dismissing the case, we consider the trial court's questions to Santiago and

3

his wife about her adultery, their sex life, and whether she would hold a conviction over his head highly inappropriate and irrelevant. By dismissing the case without any legal basis and over the State's objection, the trial court impermissibly abridged the State's right to prosecute Santiago. See, e.g., *Brooks*, supra, 301 Ga. app. at 359-360; *State v. Perry*, 261 Ga. App. 886, 887 (583 SE2d 909) (2003). Accordingly, we reverse.

*Judgment reversed. Andrews, P. J., and Branch, J., concur*.