# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0387. SUNBELT RENTALS, INC. v. ALL-SOUTH SUBCONTRACTORS, INC.**

All-South Subcontractors, Inc. ("All-South") filed a class action lawsuit against Sunbelt Rentals, Inc. ("Sunbelt"). The trial court has yet to rule on the motion for class certification. Sunbelt filed a "Motion to Define Permissible Contact with Potential Class Members" seeking to preclude Sunbelt from communicating with its customers regarding the class action. According to All-South, Sunbelt's unilateral communication with potential class members is both unfair and potentially coercive. Following a hearing, the trial court granted the motion, ordering:

> that unless and until this Court rules on a motion to certify a class in this case, neither party may discuss this case with current or former Sunbelt Rentals customers. This order does not prohibit [Sunbelt] from communicating with its customers in the ordinary course of business nor does it prohibit [All-South's] counsel from discussing this case with the entities that . . . counsel represents nor does it prohibit the parties from undertaking formal discovery of customers.

Sunbelt filed this application for discretionary appeal from this ruling. According to Sunbelt, the order should be directly appealable as an injunction. See OCGA § 5-6-34 (a) (4). In the alternative, Sunbelt contends the order constitutes a temporary restraining order, in which case a discretionary application is required. See OCGA § 5-6-35 (a) (9). All-South, on the other hand, asserts that the order is a

discovery ruling and thus Sunbelt was required to comply with the interlocutory appeal procedure in order to appeal.

In construing the trial court's order, we look to the substance of the order rather than its nomenclature. See *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). Here, the order sought to prohibit future conduct, which is a feature of injunctive relief. See *Massey v. Butts County*, 275 Ga. App. 478, 479 (621 SE2d 479) (2005). Moreover, the order was issued following an adversarial hearing at which both sides were present, which also is consistent with an interlocutory injunction. See *Dolinger*, supra. Under the facts of this case, the order is properly construed as an interlocutory injunction, which is directly appealable. See *Morgan v. U. S. Bank Nat. Assn.*, 322 Ga. App. 357, 359 (2) (745 SE2d 290) (2013).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly this application is hereby GRANTED, and Sunbelt shall have ten days from the date of this order to file a notice of appeal with the trial court. If Sunbelt has already filed a timely notice of appeal in the trial court, it need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/27/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*