# Court of Appeals
# of the State of Georgia

ATLANTA,  November 26, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0170.  EAST CENTRAL GEORGIA EMS COUNCIL v. GOLD CROSS EMS, INC.**

Gold Cross EMS, Inc., a private ambulance company, has been the emergency-medical service provider for Augusta-Richmond County since 2014. In 2018, the East Central Georgia EMS Council ("the Council") voted to re-open the Augusta-Richmond County EMS zone and accept proposals from other emergency-medical service providers. Thereafter, Gold Cross EMS filed a complaint for interlocutory and permanent injunctive relief, seeking to prohibit the Council from accepting said proposals. Following a hearing, at which both parties were represented, the trial court found that there was an appearance of a conflict of interest, such that the Council's "prior proceedings and actions" regarding the Augusta-Richmond County EMS zone "shall have no effect."  The court further ordered the Council to undertake any additional consideration of the zone in strict compliance with its bylaws and Georgia law. Thereafter, the Council filed this timely application for discretionary review, although it argues that the order should be directly appealable as an injunction. See OCGA § 5-6-34 (a) (4).

In construing the trial court's order, we look to its substance or function. See *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). Here, the order prohibits future conduct (the re-opening of the zone to accept proposals from service providers), which is a feature of injunctive relief. See *Massey v. Butts County*, 275 Ga. App. 478, 479 (621 SE2d 479) (2005). Moreover, the order was issued following an adversarial hearing and effectively granted Gold Cross EMS all of the relief sought, which also is consistent with an interlocutory injunction. See *Dolinger*, 269

Ga. at 142 (1). Thus, the trial court's order is properly construed as an interlocutory injunction, which is directly appealable. See id.; see also OCGA § 5-6-34 (a) (4).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and the Council shall have ten days from the date of this order to file a notice of appeal with the trial court. If the Council has already filed a timely notice of appeal in the trial court, it need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/26/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk*.