**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 21, 2020**

# In the Court of Appeals of Georgia

A20A1021. EVANS v. THE STATE.

PIPKIN, Judge.

Following a bench trial on stipulated facts, Jonathan Samuel Evans was found guilty of four counts of furnishing prohibited items to inmates, one count of bribery, and one count of violating his oath of office. In his sole enumeration of error on appeal, Evans contends that the trial court erred in failing to honor an agreement he reached with his employer to avoid prosecution. Because the trial court properly refused to enforce the agreement, we affirm.

"Where only an issue of law exists and the facts are undisputed in a bench trial, we review the trial court's decision for plain legal error." *Denson v. State*, 267 Ga. App. 528, 529 (600 SE2d 645) (2004). Here, the undisputed facts show that Evans was employed by the Floyd County Department of Public Works, and his job entailed

supervising inmates of the Floyd County Prison as they worked on a "mowing crew." An informant told prison officials that certain inmates had received contraband that had been "dropped off" during work detail. A prison investigator interviewed two inmates who had allegedly received the contraband. The inmates told the investigator that Evans was either providing contraband to prisoners on his detail or facilitating prisoners' receipt of contraband from others. The contraband included food, tobacco, and alcohol. One prisoner said his family member had mailed money to Evans. The investigator also interviewed Evans, who admitted to certain infractions, including receiving payments from an inmate's girlfriend, providing food to inmates, and allowing inmates to use his cell phone.

Word of the investigation reached James Wright, Evans's supervisor at the Department of Public Works. Wright met with Evans and gave him the option of resigning or being fired. Wright found a letter the Department had used in the past that provided:

> I hereby resign my position as a Detail Officer with Public Works. I offer my resignation for violation of State SOPs in lieu of termination and possible prosecution from the county.

Using this language, Wright drafted a resignation letter, which Evans then signed. Wright was later reprimanded for drafting the letter.

Evans was indicted for multiple counts of giving prohibited items to an inmate, bribery, and violating his oath of office. He filed a motion to dismiss. According to Evans, the trial court was required to honor his agreement with his employer to resign in order to avoid prosecution. The trial court denied the motion, finding that the Department of Public Works lacked the authority to enter such an agreement.[1]

Evans agreed to a bench trial on stipulated facts based upon the evidence adduced at the hearing on his motion to dismiss and the facts found by the prison investigator. The trial court found Evans guilty on all counts. Evans appeals, arguing that fairness and equity require courts to enforce "criminal immunity agreements" where government employees forfeit rights in exchange for the promise to forego prosecution. According to Evans, he relinquished not only his due process rights related to his termination, but also his Fifth Amendment privilege against self-

---

[1] Evans filed an application for interlocutory appeal from this ruling, which was denied. See Case No. A19I0263, denied June 27, 2019.

incrimination.[2] He now asks this Court to establish a new theory of immunity that would bar his prosecution.

> The State has both the duty and the right to protect the security of its citizens by prosecuting crime. Because the purpose of criminal law is to serve the public functions of deterrence, rehabilitation and retribution, it is the State, not the victim, that has an interest in criminal prosecutions.

(Citation and punctuation omitted.) *State v. Santiago*, 333 Ga. App. 742, 743 (776 SE2d 824) (2015). The decision concerning whether a defendant should be prosecuted is left to the sound discretion of the district attorney, who is charged with administering justice on behalf of the State. See *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001). A court may enforce a *prosecutor's* agreement to forego prosecution. See *State v. Hanson*, 249 Ga. 739, 743-746 (2) & (3) (295 SE2d 297) (1982). But a settlement agreement reached between a wrongdoer and a victim does not bar prosecution following an indictment. See *Pratt v. State*, 167 Ga. App. 819, 820 (1) (307 SE2d 714) (1983). Indeed, not even a trial court may interfere with a

---

[2] Evans does not contend on appeal that his statements to the investigator should have been excluded from consideration by the trial court, which is the remedy for a Fifth Amendment violation. See *Brown v. State*, 292 Ga. App. 269, 273 (1) (663 SE2d 749) (2008).

4

prosecutor's discretion to pursue criminal prosecution. See *Santiago*, 333 Ga. App. at 743-744 (trial court "impermissibly abridged the State's right to prosecute" by dismissing criminal charges after victim reconciled with defendant).

Notwithstanding clear authority vesting prosecutors with the discretion to prosecute, Evans invites this Court to create a new judicial doctrine of "equitable immunity." Evans contends this doctrine should apply in cases such as this where a government employer agrees to forgo prosecution in exchange for an employee's voluntary resignation. Again, however, an employer – government or otherwise – does not have the authority to forego prosecution. "[T]he first maxim of equity is that equity follows the law." *Dolinger v. Driver*, 269 Ga. 141, 142 (4) (498 SE2d 252) (1998). We decline to create an equitable remedy in the absence of a legal right. See id. ("Although equity does seek to do complete justice, [cit.], it must do so within the parameters of the law.).

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.