**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 10, 2026**

# In the Court of Appeals of Georgia

A26A0357. BEACON MEDIA, LLC v. CITY OF ATLANTA et al.

DILLARD, Presiding Judge.

Beacon Media, LLC, appeals the trial court's order affirming the denial of its application for a permit to erect a billboard by the City of Atlanta Board of Zoning Appeals. More precisely, Beacon argues that (1) Jamestown Properties, an adjacent landowner, lacked standing to challenge its application; (2) the trial court erred by applying incorrect legal standards; and (3) Jamestown failed to establish that City staff acted in an arbitrary manner. For the following reasons, we reverse.

The record shows that in January 2023, Beacon submitted an application to the City of Atlanta, seeking permission to erect an outdoor, freestanding billboard on its vacant railroad property on Howell Mill Road. The proposed sign would be 100 square

feet in size, 8 feet tall, and 12.5 feet wide, and its location would be adjacent to a property owned by Jamestown. On July 31, 2023, the City denied Beacon's application, finding that freestanding business signs are not allowed on vacant properties.[1] Beacon then appealed the denial to the City's Office of Buildings ("OOB"), and ultimately, the City reversed itself and granted Beacon's application for the permit in July 2024.

Jamestown—as an adjacent property owner—appealed the OOB's decision to the City's Board of Zoning Adjustment ("BZA"), asserting numerous arguments as to why the permit was invalid. Jamestown also contended it would be "substantially harmed" if the sign were erected. More particularly, Jamestown claimed that

> [c]onstruction and use of the freestanding sign, as well as the structure itself, will interfere with the property rights of Jamestown and substantially disrupt [its] business operations, affecting [its] property and investments in [the] neighborhood. Further, its proximity to residential dwellings, the potential safety risk it may cause to pedestrians, cyclists, and motorists, and its disruption of the neighborhood character is detrimental. The damage to Jamestown's property is unique and in a way not common to all property owners similarly situated.

---

[1] Beacon contends the City's denial of its application was untimely, but it does not allege that as an error on appeal.

After a hearing in which both the City and Beacon argued that Jamestown lacked standing to bring the appeal, the BZA voted to deny Beacon's request for the permit.

On January 8, 2025, Beacon filed a petition in the superior court against the City and Jamestown, seeking review of the BZA's decision to deny its application for a zoning permit to erect the sign. The BZA and Jamestown filed responses, asserting several affirmative defenses and denying some of the petition's factual allegations. The BZA also moved to dismiss Beacon's petition, which the court denied. The court then held a hearing on Beacon's petition for review, and later denied it. This appeal follows our grant of Beacon's application for a discretionary appeal.[2]

Judicial review of an administrative decision requires us to "determine that the findings of fact are supported by 'any evidence' and examine the soundness of the conclusions of law that are based upon the findings of fact."[3] Indeed, when we review a superior court's order in an administrative proceeding, our duty is "not to review

---

[2] OCGA § 5-6-35(a)(1) provides, in relevant part, that "[a]ppeals ... shall be taken [from] ... the superior courts reviewing decisions of ... state and local administrative agencies, lower courts, and quasi-judicial decisions of boards or agencies of local governments."

[3] *Swarn v. Thompson*, 369 Ga. App. 321, 322 (893 SE2d 474) (2023) (quotation marks omitted). Accord *Butler v. Butler*, 363 Ga. App. 280, 281 (870 SE2d 857) (2022); *Hudson v. Butler*, 337 Ga. App. 207, 207 (786 SE2d 879) (2016).

whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency."[4] Significantly, we review "legal conclusions de novo."[5] With these guiding principles in mind, we turn now to Beacon's claims of error.

1. Beacon first argues the trial court and BZA erred in finding that Jamestown had standing to challenge its application for a permit under the "substantial-interest-aggrieved-citizen" test. We agree.

As explained by the Supreme Court of Georgia, under the substantial-interest-aggrieved-citizen test, "there are two steps to [establish] standing: First, a person claiming to be aggrieved must have a substantial interest in the zoning decision, and second, this interest must be in danger of suffering some *special* damage or injury *not common to all property owners similarly situated*."[6] Moreover, by "similarly situated,"

---

[4] *Swarn*, 369 Ga. App. at 322 (quotation marks omitted). Accord *Butler*, 363 Ga. App. at 281; *Hudson*, 337 Ga. App. at 207.

[5] *Swarn*, 369 Ga. App. at 322 (quotation marks omitted). Accord *Butler*, 363 Ga. App. at 281; *Hudson*, 337 Ga. App. at 207.

[6] *Stuttering Found., Inc. v. Glynn County*, 301 Ga. 492, 494(2)(a) (801 SE2d 793) (2017) (punctuation and brackets omitted) (emphasis added). Accord *DeKalb County v. Wapensky*, 253 Ga. 47, 48(1) (315 SE2d 873) (1984). See *Massey v. Butts County*, 281 Ga. 244, 247 (637 SE2d 385) (2006) (noting that "the party seeking to attack a zoning

4

our Supreme Court means "persons in the general community who may merely suffer inconvenience and exclude[s] those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it."[7]

Lastly, "[b]oth prongs of the substantial-interest-aggrieved-citizen test must be satisfied to confer standing on the party seeking it."[8]

As an initial matter, Beacon concedes that Jamestown satisfies the first requirement of the substantial-interest-aggrieved-citizen test (*i.e.*, having a substantial interest in the zoning decision), so it has affirmatively abandoned any claim of error

---

determination affirmed by the board of zoning appeals was required to have 'substantial interest-aggrieved citizen' standing in order to seek mandamus or injunctive relief"); *Tate v. Stephens*, 245 Ga. 519, 520 (265 SE2d 811) (1980) (noting that "[i]t is well settled that in order to attain 'aggrieved' status ... , a person must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated").

[7] *Wapensky*, 253 Ga. at 48(1). See *Hollberg v. Spalding County*, 281 Ga. App. 768, 773(2)(b) (637 SE2d 163) (2006) ("'Similarly situated' refers to persons in the general community who may merely suffer inconvenience and excludes those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it." (quotation marks omitted)).

[8] *Davis v. Rockdale Art Farm, Inc.*, 354 Ga. App. 82, 88(2) (840 SE2d 160) (2020) (quotation marks omitted). Accord *Stuttering Found.*, 301 Ga. at 503(2)(b) n.14.

in this respect.[9] But as to the second prong, Beacon argues that Jamestown presented no evidence it would suffer *any* damage if the sign were erected, much less special damage or an injury not common to similarly situated property owners. Even so, Jamestown maintained before the BZA that it would be substantially harmed if the sign at issue were erected because (1) "[c]onstruction and use of the freestanding sign, as well as the structure itself, [would] interfere with the property rights of Jamestown and substantially disrupt [its] business operations, affecting [its] property and investments in [the] neighborhood"; (2) the sign's proximity to residential dwellings may cause a potential safety risk to pedestrians, cyclists, and motorists;[10] and (3) it would disrupt the character of the neighborhood. And in conclusion, Jamestown summarily stated that damage to its property would be "unique and in a way that is not common to all property owners."

But other than vaguely claiming the proposed sign would negatively affect its unidentified "property rights" and "business operations," Jamestown's basis for

---

[9] See *Reed v. City of Atlanta*, 136 Ga. App. 193, 194(4) (220 SE2d 492) (1975) (holding that an enumeration of error neither argued nor briefed on appeal is considered abandoned).

[10] During the hearing before the BZA, Jamestown also claimed that—because the proposed sign would display changing digital advertisements—it would create "distractions [for] drivers, cyclists, [and] pedestrians, and increase the risk of accidents."

establishing standing involved allegations of damage or injury that would likewise apply to other similarly situated parties and landowners. More precisely, Jamestown maintained the sign posed risks to pedestrians, cyclists, and motorists, and that it would disrupt the character of the neighborhood *generally*. Indeed, during the hearing before the BZA, Jamestown's attorney stated, "[t]his appeal is not only supported by Jamestown, but also Marietta Street Academy, the Upper Westside CID, MPUD, and *several adjacent landowners who are all impacted by this decision.*"[11] And in support, Jamestown submitted "several letters from those *landowners and residents.*"[12]

As to its generalized claim of damage to "property rights" and "business operations," Jamestown presented *no evidence* establishing the specific rights and business operations at issue. In fact, in its written appeal to the BZA, under the section devoted to establishing standing, Jamestown even failed to specify the type of business it conducts. Moreover, in denying Beacon's petition, the trial court noted as follows:

> [T]he *only* "evidence" submitted below were the statements of residents, one of whom worked for Jamestown, and cited specifically the bright illumination and distraction of the sign. There were *numerous*

---

[11] (Emphasis added).

[12] (Emphasis added).

*letters* in the record by *individuals* affected by and opposing the sign. Plainly stated, the findings of fact and credibility [determinations] of the lower judicatory in this case were not clearly erroneous.[13]

Even so, Jamestown argues the substantial-interest-aggrieved-citizen test is not the correct legal standard to apply here and that it need "only show it is an 'aggrieved party.'" According to Jamestown, the Atlanta City Code grants standing to "any person aggrieved" in administrative appeals before the BZA.[14] But our Supreme Court has already defined "aggrieved citizen" in this context; and for purposes of standing, an aggrieved person *must* have suffered some *special* damage or injury not common to similarly situated property owners.[15]

---

[13] (Emphasis added).

[14] See Atlanta City Code 1977, § 16-30.010(a) ("Appeals may be taken by any person aggrieved . . . by any decision of an administrative official . . . ."), available at https://library.municode.com/ga/atlanta/codes/code_of_ordinances?nodeId=PTIIIC OORANDECO_PT16ZO_CH30ADEN_S16-30.010APDEADOF (last visited Mar. 18, 2026).

[15] See *supra* note 6 & accompanying text. The parties did not contend below (or on appeal) that the Supreme Court of Georgia's substantial-interest-aggrieved-citizen test for standing has been arguably (implicitly) modified by its seminal decision in *Sons of Confederate Veterans v. Henry County Bd. of Commissioners*, 315 Ga. 39 (880 SE2d 168) (2022). We offer no commentary on the potential application of *Sons of Confederate Veterans* to this or any other jurisprudential contexts, but merely note the analytical contours of that decision have yet to be fully fleshed out. See Clay Wright, *Confederate*

Simply put, Jamestown has not identified any special injury or damage it would suffer due to Beacon's proposed sign that would not otherwise be common to similarly situated landowners, individuals in the neighborhood, or the neighborhood's "character" generally. As a result, Jamestown lacked standing to challenge Beacon's application for the sign permit, and we reverse the trial court's order affirming the BZA's denial of same.[16]

---

*Standoff: The Georgia Supreme Court Clarifies Standing Requirements in Sons of Confederate Veterans v. Henry County Board of Commissioners*, 75 Mercer L. Rev. 477, 495 (2023) (noting that the Supreme Court of Georgia's "expansive interpretation of Georgia's standing law may potentially expose state courts to precisely the type of situations that the Article III standing doctrine seeks to prevent … . Given the recency of this ruling, the full implications of this decision have yet to materialize") (citation modified)).

[16] See *Davis*, 354 Ga. App. at 88(2)(affirming the superior court's dismissal of an appeal regarding a special-use permit and finding that the petitioners lacked standing when, as here, "the petitioners only generally alleged that the art farm would create noise, light, and traffic, and that it would decrease property values, without alleging how these effects would harm them differently than other property owners in the area"). Jamestown relies heavily on our decision in *RCG Props., LLC v. City of Atlanta Bd. of Zoning Adjustment*, 260 Ga. App. 355 (579 SE2d 782) (2003), arguing that we found the substantial-interest-aggrieved-citizen test did not apply in that case because certain city code sections imposed no burden for a petitioner to present evidence of "special damages." But *RCG* is inapt because there, we concluded the lower court had not reviewed a "zoning decision" but instead a "quasi-judicial decision" issued by the BZA. See id. at 361–62(1). And here, neither party suggests the BZA's decision was not a zoning decision. Nor did the trial court rule on whether the BZA's decision was a zoning ruling or a quasi-judicial one. So, under these circumstances, we decline to address the matter. See *Brazeal v. Newpoint Media Grp., LLC*, 331 Ga. App. 49, 53 n.2 (769 SE2d 763) (2015) ("Because there has been no ruling on

2. Because we conclude Jamestown lacked standing to challenge the City's grant of Beacon's application for a permit to erect a sign on its Howell Mill property, we need not address its remaining claims of error.

For all these reasons, we reverse the trial court's order affirming the BZA's denial of Beacon's application for a permit to erect a business sign on its property.

*Judgment reversed. Gobeil and Pipkin, JJ., concur.*

---

the implied covenant claim by the trial court, any issues relating to that claim are not ripe for appellate review."); *Ga. Neurology & Rehab., P.C. v. Hiller*, 310 Ga. App. 202, 204 n.2 (712 SE2d 611) (2011) ("[W]e have no jurisdiction to address the claim because the trial court never ruled upon it in its summary judgment order.").